RENDERED: MARCH 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0336-MR

WILLIE MEADS                                  APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.             FAMILY COURT DIVISION
HONORABLE ROSS EWING, JUDGE
ACTION NO. 16-CI-04674

ERIN STOUT (FORMERLY                     APPELLEES
DOWNING); BENJI STOUT; AND
EMMA MEADS

## OPINION AND ORDER
## DISMISSING

\*\* \*\* \*\* \*\* \*\*

BEFORE: KAREM, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Willie Meads (Meads), *pro se*, brings this appeal from

Findings of Fact, Conclusions of Law, and Order Terminating Grandparent

Visitation entered by the Fayette Circuit Court on March 7, 2025. The order

terminated Willie and Emma Meads' visitation rights with their grandson E.S., a minor child. For the reasons stated, we strike Meads' brief and dismiss the appeal.

This is a grandparent visitation dispute per Kentucky Revised Statutes (KRS) 405.021. Erin Stout is the mother of E.S. and she was formerly married to the Meads' son, Benji Stout. Stout is the father of E.S. and did not participate in the case below.[1] The Meads had previously been granted visitation with E.S., as set out in the family court's Order and Agreed Order entered August 17, 2017. Record, p. 56. For reasons that are set forth in the family court's order entered March 7, 2025, which we incorporate herein by reference, Erin sought to terminate the Meads' visitation with E.S. in December of 2024. Record, p. 332-36.[2]

The family court conducted an evidentiary hearing on March 5, 2025, that lasted over three hours. The court heard testimony from Erin, the Meads, and Anna Dominick, the court appointed a Friend of the Court for E.S. Dominick recommended the termination of grandparent visitation rights with E.S. in both her report to the family court and in her testimony at the hearing.

---

[1] Emma Meads and Benji Stout were not named in the notice of appeal and have not participated in this appeal. They are named as parties in this appeal per Kentucky Rules of Appellate Procedure (RAP) 2(A)(2).

[2] Erin Stout's (formerly Downing) motion to terminate visitation was filed on December 4, 2024. On December 16, 2024, Willie Meads, *pro se*, filed a lawsuit in Fayette Circuit Court against the presiding Judge, Traci Brislin, who immediately recused from the family court action. On December 26, 2024, Judge Ross Ewing was designated as the successor judge. The circuit court action against Judge Brislin was dismissed on January 23, 2025.

The family court entered Findings of Fact, Conclusions of Law, and Order Terminating Grandparent Visitation on March 7, 2025. The court's findings were detailed with a thorough review of the evidence as well as applicable legal authority and law governing grandparent visitation in Kentucky. As noted, Meads then timely filed this appeal, *pro se*.

The procedural rules governing appeals, now referred to as the Kentucky Rules of Appellate Procedure (RAP), are critical to effectuate appellate review and substantial compliance with the rules is mandatory.[3] *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). While *pro se* litigants on occasion are held by courts to less stringent standards than lawyers in the drafting of formal proceedings, Kentucky courts still require *pro se* litigants to follow applicable rules of pleadings. *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009). As a *pro se* litigant, Meads is not exempt from complying with RAP. *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019).

As this Court stated in *Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010):

> It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules "do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination.

---

[3] RAP became effective January 1, 2023. The rules were formerly part of the Kentucky Rules of Civil Procedure (CR), primarily found in CR 73 through CR 76.

Their importance simply cannot be disdained or denigrated."

. . . .

Compliance with this rule permits a meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal: what facts are important and where they can be found in the record[.]

*Id.* at 696 (citations omitted).

In this case, Meads' brief fails to comply with any RAP rules. In particular, Meads' brief fails:

   (i)    to contain an introduction that sets out the nature of the case per RAP 32(A)(1);

   (ii)   to provide a statement of points and authorities, setting out Meads' arguments on each issue warranting a reversal of the order below along with a listing of the legal authority relied upon as required by RAP 32(A)(2);

   (iii)  to provide a statement of the case necessary to understand the issues on appeal with ample references to the specific location in the record that support each statement as set out in RAP 32(A)(3);

   (iv)  to set forth an argument with ample references in the record showing how the alleged errors below were preserved for review, with citation to supporting legal authority. RAP 32(A)(4); and

   (v)   to set out a conclusion detailing the specific relief sought on appeal. RAP 32(A)(5).

By legal standards, Meads' brief can best be described as incoherent and a rambling, disorientated recitation of unorganized factual allegations and personal observations about Erin, Judges Brislin and Ewing, bigotry, and retaliation. There is absolutely no reference whatsoever in Meads' brief to the

-4-

court record or video record of the evidentiary hearing below. Nor does Meads present any cogent legal argument or case authority to support his position. For example, Meads' brief uses various captions that state:

"What The Hell Happened" (Brief, p. 2)

"Mental Illness" (Brief, p. 3)

"Shootout At The OK Corral" (Brief, p. 9)

"Bold Face Lies And Bold Face Liars" (Brief, p. 12)

"Butt Hole Stupid" (Brief, p. 12)

No where in his brief does Meads cite to a specific error in the family court's ruling below or explain in detail what issues on appeal support the continuation of grandparent visitation with E.S.

Perhaps most disturbing is Meads' unsubstantiated and unsupported attack on the family court judges who were involved in this case wherein he boldly claims, without citation to the record or evidence in support thereof, the following:

> However, the last two judges were hand selected and put in place for reason connected to friendship association and affiliation. Made up of judges that would talk to one party about the case while leaving the other party out of the conversation. Despite the fact that what appellant wrote was true. Judges admonished appellant while comforting poor white appellee who committed the crime then sick judge put Meads on trial for giving money to his grandson while knowing full well child's family is on food stamps, welfare, Medicaid, free school lunch, paying no rent and winter vouchers. . . .

-5-

Now, the subject of discrimination, retaliation and revenge is build [sic] around Meads suing Judge Traci Bristin [sic], when Bristin [sic] got sued and stepped down, her good friend and co-worker Judge Ross Ewing volunteered to take over this case and avenge his embarrassed and humiliated good friend and co-worker. This case was discussed at the table in the judge's lounge and break area while drinking coffee and eating donuts. Judge Ross Ewing never had any intentions on hearing the case after this old black fool sued friend and co-worker.

. . . .

However, this case has nothing to do with the merits, in fact, this case was ruled in the breakroom lounge area for Judges in Fayette Circuit Court. There is nothing that Stout could have said that would have nullified her claim, because Judge Ewing focus was on insuring Judge Bristin [sic] that he would fix this black fool old man who sued her and embarrassed her in front of all the judges in the circuit court. . . .

Meads' Brief, pp. 7, 8, and 11.

Frankly, if Meads were an attorney, he would be sanctioned and referred to the Kentucky Bar Association for discipline.

RAP 10(B) provides that "the failure of a party to substantially comply with the rules is ground for such action as the appellate court deems appropriate, which may include . . . (3) Striking of filings, briefs, record or portions thereof, . . . [and] (5) A dismissal of the appeal . . . ." This Court cannot tolerate Meads' blatant disregard of appellate briefing rules. *Koester*, 569 S.W.3d at 414. And, it is not this Court's role or function to scour the record on appeal to identify

-6-

issues or to ensure that an issue was properly preserved below. *Id.* at 414-15.

Further, the Kentucky Supreme Court has stated:

> It is fundamental that it is an Appellant's duty and obligation to provide citations to the record regarding the location of the evidence and testimony upon which he relies to support his position," and if an appellant fails to do so, we will accordingly not address it on the merits.

*Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019) (internal quotation marks and footnote omitted).

There is no dispute that the Meads love their grandson very much, which this Court can appreciate. However, engaging in self-representation in a complex appellate legal matter, failing to follow applicable appellate rules, and failing to maintain civility and respect for the court system is not the proper avenue to obtain grandparent visitation under KRS 405.021.

As noted, in accordance with RAP 10(B), this Court can strike Meads' brief for the reasons stated, which we elect to do in this case. We simply cannot condone the blatant disregard of applicable appellate rules and total disrespect of our court system as exhibited by Meads in his brief. Upon striking Meads' brief, the appeal shall be dismissed. *Roth*, 567 S.W.3d at 596.

For the foregoing reasons and grounds stated, Meads' brief is stricken and the case is DISMISSED for total noncompliance with applicable appellate rules.

ALL CONCUR.

ENTERED: <u>March 27, 2026</u>           <u>                         </u>

JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Willie Meads, *Pro Se*
Lexington, Kentucky

BRIEF FOR APPELLEE, ERIN STOUT:

Lisa J. Oeltgen
Lexington, Kentucky

-8-